UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK MINNESOTA, N.A. AS TRUSTEE and ORIX CAPITAL MARKETS, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>MITCHELL KOBERNICK, ALLAN KLEIN, KENSINGTON CLUB APARTMENTS, LTD., KENSINGTON GREEN (MK), INC., and KENSINGTON GREEN (AK), INC., <br><br>Defendants. | § § § § § § § § § § § § § § § § | C.A. NO. 8-cv-1458 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees (Doc. No. 53.) After reviewing the parties' filings, and all responses and replies thereto, the Court finds that Plaintiff's Motion should be granted in part.

On May 28, 2009, the Court granted Plaintiff's Motion for Summary Judgment, and in a later order, the Court entered final judgment for Plaintiff. Plaintiff now seeks attorney's fees in the amount of $570,934.79, as well as additional appellate fees, based on Texas Civil Procedures and Remedies Code § 38.01, Defendants' Guaranty, and the Note. In response, Defendants argue that Plaintiff's counsel has failed to segregate fees incurred for this case and the related bankruptcy matters and that Plaintiff's counsel is not entitled to fees because Plaintiff's claim is made in bad faith.

Plaintiff replies that, pursuant to section 17.2 of the Deed of Trust and Security Agreement, Defendants are obligated to pay "any and all expenses, including legal expense and

attorney's fees, incurred or paid by Lender in protecting its interests in the property or on collecting any amount payable hereafter with respect to the property ...." The Court, in its discretion, will not award Plaintiff attorney's fees for actions taken in the related bankruptcy proceedings, which are still pending. Further, Plaintiff has not made a showing that any of its actions taken in the bankruptcy proceeding support its efforts against Defendants in this Court. Plaintiff has segregated the fees expended on this matter from those expended in bankruptcy. (Pl. Reply, Ex. D.)

Defendants argue that Plaintiff should be barred from seeking attorney's fees because its demand is unreasonable or made in bad faith. In support of this position, Defendants contend that Plaintiff has failed to properly segregate its fees and that the Court's ruling that Plaintiff had waived its right to assert a claim for default by refunding Defendants' tax escrow periods during a four year period. The Court has already found that Plaintiff has segregated its fees in this proceeding from those incurred in the bankruptcy court. Further, the Court's holding that Plaintiff waived its right to recover on Defendants' default by refunding the tax escrow payments did not depend on a finding that Plaintiff had acted in bad faith. Defendants have not otherwise contested the reasonableness of Plaintiff's requested fees.

Plaintiff's records indicate that it has incurred a total of $126,460.97 in litigating this matter. The Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees and **ORDERS** that Defendants pay Joyce McFarland and McFarland LLP $23,365.36 in attorney's fees and Winstead PC $103,095.61 in attorney's fees.

**IT IS SO ORDERED.**

SIGNED this 26th day of August, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE