UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-1458 |
| | § | |
| KOBERNICK ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's request for attorneys' fees. Plaintiff seeks recovery for fees incurred in the bankruptcies of Communidad Kensington Club I, LLC, Case No. 08-32137, and of Kensington Club Apartments, Ltd., Case No. 08-32137, both from the United States Bankruptcy Court in the Southern District of Texas, and in this case. Defendants oppose Plaintiff's request.

All of the litigation at issue relates to Plaintiff's financing of an apartment project that was the subject of the bankruptcy proceedings and was ultimately foreclosed upon. The case before this Court involved, in particular, Plaintiff's attempt to obtain recovery from individual, conditional guarantors of the apartment financing.

Plaintiff seeks attorneys' fees for work that the attorneys did in the bankruptcy proceedings, work completed thus far in this case, and fees that may be incurred in appeals from this proceeding. Defendants do not contest the professional competence of Plaintiff's attorneys, nor the hourly rates that have been used. Both sides agree that the variables to be considered in awarding attorneys fees do not suggest an upward or a downward departure from the attorneys' usual rates. *See Johnson v. Ga. Highway*

*Express*, 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  Defendants object strongly, however, to the hours spent by Plaintiffs' attorneys, and thus the fees incurred, both of which Defendants contend are unreasonable.

Initially, the Court notes that there is no need to estimate the amount of attorneys' fees that may be incurred on appeals that may not even be prosecuted.  A supplemental request for attorneys' fees may be made of this Court after the conclusion of any such appeals.  The Court also notes that it is at a disadvantage in judging the reasonableness of attorneys' fees incurred in the bankruptcy proceedings because those took place in another court.  The Court has had, however, the benefit of extensive briefing and an evidentiary hearing at which substantial testimony was received.

The two firms who have represented Plaintiff request a total of $715,301.18.  Of this total amount, $514,620.46 is for the work done in Bankruptcy Court and $200,680.73 for that which has been done in this Court.

Defendants object to the amounts requested on a number of grounds.  Most generally, they first argue that the bankruptcy fees incurred by Plaintiff, a creditor, were two and one-half times as much as those incurred by the Defendants who were the debtors in bankruptcy – an abnormality that itself suggests Plaintiff's fees were unreasonable. Similarly, Defendants contend that the bankruptcy proceedings involved a single asset, and that single asset bankruptcies are by their nature straightforward and not lawyer intensive.   More specifically, Defendants presented expert testimony from the lawyer who handled the subject bankruptcies for the respective debtors that Plaintiff's attorneys overstaffed the bankruptcy, were unduly contentious, filed an unnecessary

proposed disclosure statement and proposed plan of reorganization, and researched issues that were not material such as the absolute priority rule. Defendants also fault Plaintiff for incurring substantial fees in unsuccessfully urging that, at pertinent times, it was entitled to a default rate of interest from Defendants. (*See* Hearing Tr. 87-131, January 19, 2010.)

In response, Plaintiff acknowledges that a reduction in the attorneys' fees request should be made with respect to the efforts its attorneys devoted to the default interest rate. The Court applauds Plaintiff's candor on this point and accepts Plaintiff's suggestion that a 20% reduction in the fees incurred in this Court is appropriate.

Plaintiff's evidence on the other objections made by Defendants consisted of testimony of an attorney from each of the two firms involved in the bankruptcy and district court litigation. Each attorney is experienced, knowledgeable, and appeared not at all insensitive to a client's need to avoid excessive professional fees. Plaintiff did not, however, offer any independent expert evidence on the reasonableness of its attorneys' fees. The testimony offered by the Defendants as to Plaintiff's counsel having incurred fees unnecessarily is essentially not rebutted.

The party requesting professional fees does bear the burden of proof. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991). The Court reluctantly concludes that Plaintiff has not proved the reasonableness of the more than one-half million dollars in fees incurred in Bankruptcy Court. The Court finds and holds that the requested bankruptcy fees should be reduced by one-third.

Accordingly, the Court **GRANTS IN PART** Plaintiff's request for award of attorneys' fees. Plaintiffs are authorized to recover attorneys' fees of $343,080.31 for the

work performed in the bankruptcy proceedings, and $160,544.58 for the work performed in this Court, for a total of $503,624.89.  The Court will allow the two firms employed by Plaintiff to perform the necessary calculations to apportion the fees between themselves.

The parties shall propose a final judgment to the Court reflecting the holdings herein no later than seven (7) days from the date of this Order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**